1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10

11   LOGIC WORKS, LLC,                    )
                                          )        Case No. 2:17-cv-02184-JAD-NJK
12                       Plaintiff(s),    )
                                          )        ORDER
13   v.                                   )
                                          )        (Docket No. 18)
14   SPINNAKER INTERNATIONAL, LLC., et al., )
                                          )
15                       Defendant(s).    )
     _____ )

16          Pending before the Court is a motion to seal two exhibits filed in conjunction with Plaintiff's

17   response to Defendants' motion to dismiss for lack of personal jurisdiction.  Docket No. 18; *see also*

18   Docket No. 17 (Exhibits B and D to Plaintiff's response).  Defendants filed a response in opposition.

19   Docket No. 20.  Plaintiff filed a reply.  Docket No. 21.  For the reasons discussed below, the motion to seal

20   is **DENIED** without prejudice.

21   **I.      STANDARDS**

22          The Ninth Circuit has held that there is a strong presumption of public access to judicial records.

23   *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *see also Foltz v. State*

24   *Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to file documents under

25   seal bears the burden of overcoming that presumption.  *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665,

26   678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).

27          The standard applicable to a motion to seal turns on whether the sealed materials are submitted in

28   conjunction with a dispositive or a non-dispositive motion.   Whether a motion is "dispositive" turns on

"whether the motion at issue is more than tangentially related to the underlying cause of action." *See Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (2016). Parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137). Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* All motions to seal must address the applicable standard and explain why that standard has been met.

Lastly, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). As a corollary, to the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

## II.      ANALYSIS

### 1. Incorrect Standard

As an initial matter, Plaintiff incorrectly applies the "good cause" standard to its motion to seal. Docket Nos. 18 at 2, 21 at 2-3. Moreover, Plaintiff incorrectly assumes that determining which *Kamakana* standard applies to a motion to seal depends on the nature of the documents to be sealed. Docket No. 18 at 2. Determining which standard applies is dependent on the underlying motion, not the documents to be sealed. *See generally, Kamakana*, 447 F.3d 1172. Plaintiff's underlying motion is its response to Defendants' motion to dismiss for lack of personal jurisdiction and is, therefore, a dispositive motion. Docket No. 14. Plaintiff requests to seal Exhibits B and D, which were submitted in conjunction with its response. Docket Nos. 16, 18. Therefore, Plaintiff must cite compelling reasons sufficient to overcome the presumption of public access, not merely show "good cause." *Kamakana*, 447 F.3d at 1180. The Court finds that Plaintiff failed to cite compelling reasons to seal Exhibits B and D in their entirety.

<u>2. Failure to Seek Redaction and Insufficient Factual Context</u>

Defendants submit Plaintiff fails to explain why the documents contained in Exhibits B and D cannot be redacted and must be sealed in their entirety.  Docket No. 20 at 2.  In reply, Plaintiff does not explain which portions of the documents to be sealed contain confidential or proprietary information, why those portions cannot be redacted, nor does Plaintiff provide compelling reasons why the documents must be sealed in their entirety.  Docket No. 21.  The Court must have sufficient facts to balance the competing interests of the public and the party requesting to seal documents and to determine if the documents can be redacted.  *See Kamakana*, 447 F.3d at 1178-79; *see also Foltz, 331 F.3d at 1137*.

Plaintiff has not provided sufficient factual context of the documents in Exhibits B and D.[1]  Plaintiff submits generally that the documents "contain key business strategy and practices, and information related to Plaintiff's...financial condition."  Docket No. 18 at 3.  In response, Defendants submit they prepared the documents for Greenfence, LLC ("Greenfence"), which are not specific to Plaintiff's business.  Docket No. 20 at 2.  In reply, Plaintiff submits that the documents include information about project costs and salaries Plaintiff agreed to and accepted.  Docket No. 21 at 2-3.

Plaintiff further submits that Greenfence grants non-exclusive licenses to third parties.  *Id.* at 2.  While the proposal presentation in Exhibit B mentions "Mitch," presumably Mitch Chait, a representative of Plaintiff, the lack of context creates the possibility that a majority of the information in Exhibits B and D is available or presented to other third-parties seeking to receive non-exclusive licenses from Greenfence.  *Id.*; *see also* Docket No. 17 at 9.  The Court finds that Plaintiff has failed to demonstrate compelling reasons that Exhibits B and D contain confidential or propriety information *specific to Plaintiff*, and, if so, the exact portions of the documents where that information is found.

---

[1] Plaintiff identifies both Exhibits B and D as Declarations of Mitch Chait; however, Exhibit B is a proposal presentation created by Defendant Spinnaker International, LLC.  Docket No. 17 at 1-10.  Exhibit D includes the same proposal presentation, accompanied by email communication between Defendant Aswhin Damodaran and Mitch Chait.  Docket No. 17-1 at 1-13.

III. **CONCLUSION**

For the reasons discussed above, the motion to seal is hereby **DENIED** without prejudice. Docket No. 18. The exhibits at Docket No. 17 shall remain under seal for the time being. Any renewed motion to seal shall be filed no later than October 23, 2017.

IT IS SO ORDERED.

Dated: October 18, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE